**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2308**

USA ENGLISH LANGUAGE CENTER, a California Corporation,

Plaintiff - Appellant,

v.

ACCREDITING COUNCIL FOR CONTINUING EDUCATION & TRAINING,
INC., a Virginia Corporation,

Defendant - Appellee,

and

ACCREDITATION COUNCIL FOR CONTINUING EDUCATION &
TRAINING, INC., a Virginia Corporation,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Rossie David Alston, Jr., District Judge.  (1:19-cv-00945-RDA-JFA)

Submitted:  June 30, 2021                          Decided:  July 27, 2021

Before KING, WYNN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Ronald L. Holt, Kansas City, Missouri, Joel H. Driskell, ROUSE FRETS WHITE GOSS GENTILE RHODES, PC, Leawood, Kansas, for Appellant. Thomas C. Mugavero, Michael C. Gartner, Kenneth J. Ingram, WHITEFORD, TAYLOR & PRESTON L.L.P., Falls Church, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

USA English Language Center ("USAELC") appeals from the district court's order dismissing its complaint against the Accrediting Council for Continuing Education and Training ("ACCET") pursuant to Federal Rule of Civil Procedure 12(b)(6). USAELC brought this suit contesting ACCET's decision to deny reaccreditation to USAELC and raising due process, breach of contract, and negligence claims arising out of the process by which ACCET denied USAELC's application for reaccreditation. On appeal, USAELC asserts that the district court incorrectly applied the standard of review for a Rule 12(b)(6) motion and improperly conflated USAELC's burden of pleading with its ultimate burden of proof. For the reasons that follow, we vacate and remand for further proceedings.

We review de novo dismissals under Rule 12(b)(6) for failure to state a claim, viewing the facts in the light most favorable to the plaintiff. *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The plausibility standard is not a probability requirement, but 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Hall v. DIRECTV, LLC* 846 F.3d 757, 765 (4th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). "Although it is true that the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* (internal quotation marks omitted).

3

On appeal, USAELC first asserts that the district court incorrectly applied the standard of review for a Rule 12(b)(6) motion because it did not accept the complaint's allegations as true and view them in the light most favorable to USAELC; instead, it resolved disputed issues of fact in ACCET's favor and ruled on the ultimate merits of the claims, rather than reviewing their sufficiency. We agree.

The district court relied on the allegations in USAELC's complaint and the exhibits attached to its complaint, primarily ACCET's December 2018 decision denying USAELC's application for reaccreditation, to conclude that USAELC had not pleaded sufficient facts to support its claims. The district court relied explicitly on the findings in the decision that USAELC was not in compliance with 11 of ACCET's accreditation standards in concluding that the denial of accreditation was "based on substantial evidence." USAELC concedes that it attached the decision denying reaccreditation to its amended complaint, but it correctly argues that its complaint contested the decision's findings: the complaint alleged that USAELC had "substantially complied" with ACCET's accreditation standards; that the level of its compliance with ACCET's standards had been "equivalent to or better than that of other ACCET accredited" schools; that the denial decision was "influenced by biased ACCET staff members" and "biased staff reports"; and that the denial decision was not supported by the record evidence before ACCET at the time of the final agency decision.

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours v. Kolin Indus., Inc.*, 637 F.3d 435, 448 (4th Cir.

4

2011). Moreover, "in the event of conflict between the bare allegations of the complaint and any exhibit attached, the exhibit prevails." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (alteration and internal quotation marks omitted). Under this rule, "if a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Id.* (internal quotation marks omitted). Animating this rule is the presumption that the plaintiff "has adopted as true the contents of that document." *Id.* at 167.

However, plaintiffs "attach exhibits to their complaints for all sorts of reasons . . . and it is not always appropriate to conclude that the plaintiff has adopted the contents of an attached document." *Id.* Thus, before it treats the contents of an attached document as true, the district court "should consider the nature of the document and why the plaintiff attached it." *Id.* "The purpose for which the document is offered is particularly important where the document is one prepared" by the defendant because such "unilateral documents may reflect the defendant's version of contested events" or contain "statements that are unlikely to have been adopted by the plaintiff." *Id.* at 168. Where the plaintiff attaches a document for purposes other than its truthfulness, the district court errs by treating the factual statements contained in the document as true. *Id.* at 167-68.

Reading the complaint in the light most favorable to USAELC, it is apparent that USAELC did not intend to adopt the factual findings of ACCET's unfavorable December 2018 decision denying its application for reaccreditation or to rely on the document for its truthfulness. *See id.* at 167-68. Accordingly, we conclude that the district court erred by

5

treating the factual statements in the decision as true and by relying on those facts to conclude that USAELC's claims did not withstand a motion to dismiss.

USAELC further asserts that the district court improperly conflated USAELC's burden of pleading with its ultimate burden of proof when it relied on *Pro. Massage Training Ctr., Inc. v. Accreditation All. of Career Schs. And Colls.*, 781 F.3d 161 (4th Cir. 2015), to determine the applicable standard for reviewing due process claims against an accrediting agency at the pleading stage. In *Pro. Massage Training Ctr.*, we held that the proper standard to be applied on review of a common law due process claim against a private accrediting agency is whether the accreditation decision "is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence." 781 F.3d at 166, 169-71 (internal quotation marks omitted). "Under this standard, courts are not free to conduct a *de novo* review or to substitute their judgment for the professional judgment of the educators involved in the accreditation process." *Id.* at 171 (internal quotation marks omitted). "In considering whether the denial was supported by substantial evidence," a court must "confine [itself] to the record that was considered by the accrediting agency at the time of the final decision." *Id.* at 174-75.

In *Pro. Massage Training Ctr.*, which involved a multi-day bench trial, we determined that the district court had not adhered to this deferential standard but had conducted an impermissible de novo review in overturning the decision of the accrediting agency. *See id.* at 172. Upon a review of the evidence presented, we concluded that the agency's denial decision was "clearly supported by substantial evidence," noting that the

6

evidentiary record demonstrated multiple instances of the school's noncompliance with the agency's accreditation standards. *See id.* at 174-80.

Here, applying the standards set forth in *Pro. Massage Training Ctr.,* the district court dismissed USAELC's due process claims, determining that it had failed to plausibly plead that ACCET's denial decision was arbitrary and capricious or unsupported by substantial evidence. Relying on the December 2018 denial decision attached to USAELC's complaint, the district court concluded that USAELC had in fact pleaded facts demonstrating that ACCET's decision to deny accreditation "was *neither* arbitrary nor capricious." Recounting the denial letter's explanation of ACCET's "careful review and evaluation" of USAELC's accreditation application and its examples of USAELC's noncompliance with ACCET's standards, the court stated that it could not "find that [ACCET's] decision to deny [USAELC] reaccreditation was made in a capricious or arbitrary fashion." The court further found that USAELC's allegations of bias by ACCET staff were insufficient to depart "from the deferential standard ordinarily due to the accreditation agency" on a due process claim. The court thus concluded that ACCET "did not act arbitrarily or capriciously in denying [USAELC's] reaccreditation application" and found it "clear that [ACCET] revoked [USAELC's] accreditation based on substantial evidence." The court similarly dismissed USAELC's breach-of-contract claim because it found that the complaint failed to plausibly plead that the denial of reaccreditation was caused by any breach on ACCET's part, but instead, the pleadings and exhibits established that the denial of reaccreditation was based on evidence of "serious deficiencies and shortcomings" at USAELC's school.

However, this analysis occurred at the pleading stage on a motion to dismiss, not at the summary judgment stage, where the court appropriately could review whether USAELC's claims were supported by substantial evidence. Although the plausibility standard applicable to motions under Rule 12(b)(6) "necessarily turns on the substantive standard that applies to the plaintiff['s] claims," *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020), the standard of review in *Pro. Massage Training Ctr.* requires an assessment of whether the decision to deny accreditation was supported by substantial evidence, an assessment that must be based on the record before the accrediting agency at the time of the denial decision. *See* 781 F.3d at 174-75. This standard goes to the plaintiff's evidence and not the sufficiency of the plaintiff's allegations, which is the proper emphasis of a Rule 12(b)(6) inquiry. *See Graves v. Lioi*, 930 F.3d 307, 317 (4th Cir. 2019). And here, for the reasons discussed above, the district court should not have treated the factual statements in ACCET's denial decision as true or relied on those facts to consider whether the decision to deny reaccreditation was supported by substantial evidence. Thus, under the circumstances in this case, we find that the district court should not have determined at the pleading stage that the decision to deny accreditation was supported by substantial evidence without a more fully developed record.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. We express no opinion on whether ACCET's denial of accreditation comported with principles of due process or whether the decision was supported by substantial evidence. We dispense with oral argument because the facts

8

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*